# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON GOURLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, acting )<br>Commissioner Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-15-880-HE |

## REPORT AND RECOMMENDATION

Sharon Gourley (Plaintiff) brings this action for judicial review of Defendant Acting Commissioner of Social Security's (Commissioner) final decision that Plaintiff was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). Chief United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends the court affirm the Commissioner's decision.

## I. Background and administrative proceedings.

Plaintiff filed her application for disability insurance benefits on May 14, 2009, alleging she became disabled on August 20, 2004. AR 191-92.

Plaintiff's earnings records established she had enough quarters of coverage to remain insured for benefits only through December 31, 2008. *Id.* at 14. The Social Security Administration (SSA) denied Plaintiff's claim, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 46-56. In a November 2011 decision, an ALJ found Plaintiff was not disabled within the Social Security Act's meaning. *Id.* at 63-73. The Appeals Council remanded for further proceedings, *id.* at 79-80,[1] and a different ALJ, in a March 2014 decision, also found Plaintiff was not disabled. *Id.* at 11-24. Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability within the meaning of the Social Security Act.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489

---

[1] The Appeals Council remanded the case because neither Plaintiff nor her attorney appeared at the first hearing and the ALJ failed to provide them with the vocational expert's (VE) testimony before reaching her decision. AR 79.

2

F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

## III. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found Plaintiff's date last insured was December 31, 2008, and through that date she: (1) had severe "headaches, depression, anxiety, and somatoform disorder"; (2) had the residual functional capacity (RFC)[2] to perform light work but could not perform work above the "SVP 2 level"; and (3) could perform work in the national economy. AR 14-23; *see also* 20 C.F.R. § 404.1520(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

## IV. Plaintiff's claims.

Plaintiff raises multiple, "intertwined" challenges to the ALJ's decision. Doc. 15, at 2. Ultimately, Plaintiff alleges her RFC included no limitations due to her "severe mental health impairments." *Id*. This led the ALJ to ask the VE an improper hypothetical question. Plaintiff further argues the RFC's reference to a SVP 2 limitation did not properly account for her mental limitations. Relatedly, Plaintiff claims the ALJ formulated an improper RFC

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

because he ignored medical evidence, failed to weigh treating physicians' opinions, and erred in the credibility assessment. *Id*. at 2-15.

## V. Standard for review.

This Court's review is limited to whether "'substantial evidence'" supports the ALJ's factual findings and whether the ALJ applied "'the correct legal standards.'" *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). In determining whether substantial evidence exists, the court will "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" *Vigil*, 805 F.3d at 1201 (citation omitted). As the Tenth Circuit has cautioned, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

## VI. Analysis.

As noted above, Plaintiff challenges the ALJ's decision on multiple grounds. The undersigned recommends the court affirm the Commissioner's decision.

**A. Plaintiff's duty to establish her disability on or before December 31, 2008.**

"An important requirement in this case is that [Plaintiff] had to show [s]he was disabled on or before h[er date last insured − December 31, 2008]." *Vititoe v. Colvin*, 549 F. App'x 723, 728 (10th Cir. 2013) (claimant had to establish that on or before his date last insured he could "not engage in any substantial gainful activity for a continuous twelve-month period"); *see also Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) (holding "the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status").

**B. The ALJ's alleged evidence misstatement.**

The ALJ found that Plaintiff's treatment records from August 20, 2004, to December 31, 2008, did not support her allegations of disabling impairments, and noted in particular that March 4, 2009, was the first time Plaintiff "mentioned fears and panic attacks in the record." AR 15-16. Plaintiff argues the latter statement "is completely wrong," and cites evidence Plaintiff had been on Effexor for anxiety and experienced "'tremors'" "since at least 2004." Doc. 15, at 3. Plaintiff argues "[t]remors, even to an untrained eye speak of anxiety." *Id.* at 3-4.

### 1. The ALJ's duty to consider all relevant evidence.

It is well established an ALJ must consider all the relevant evidence, and must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

### 2. The ALJ's findings.

The undersigned believes Plaintiff misreads the ALJ's decision. The ALJ *agreed* Plaintiff had severe anxiety based on her medication (Effexor) use and tremor complaints dating as far back as 2004. AR 14-15. The ALJ simply pointed out Plaintiff had not complained to any physician before March 2009 she had *fears* and *panic attacks*. *Id.* at 16. Plaintiff cites no medical evidence from August 20, 2004, to December 31, 2008, (her date last insured) documenting *fears* or *panic attacks*,[3] and she cites no evidence the ALJ ignored. *Compare* Doc. 15, at 3-5, *with* AR 14-16. So, the undersigned finds no grounds for reversing the Commissioner's decision on this basis.

---

[3] In 2002 – two years before her alleged onset date, Plaintiff told a physician she "occasionally has a panic attack." AR 311.

## C. The ALJ's alleged failure to weigh treating physicians' opinions.

According to Plaintiff, the RFC error is based, in part, on the ALJ's failure to weigh the treating physicians' opinions from 2002-2008. Doc. 15, at 5-7. The undersigned disagrees.

### 1. The ALJ's duty to weigh medical opinions.

"An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record." *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001); *see also* 20 C.F.R. § 404.1527(c)(2). When an ALJ considers a treating physician's opinion, he is required to "give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks and alteration omitted). These reasons must be specific and legitimate. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

### 2. The ALJ's analysis of the relevant medical records.

Notably, Plaintiff's medical records from 2002-2008 are sparse. They include treatment notes from Dr. Stanley Bevers from August 2002 to August 2004, AR 304-19, treatment notes from Dr. Michael L. Merkey from May 2004 to August 2004, *id.* at 320-36, progress notes from the Telephone Family Clinic from November 2008 to March 2009, *id.* at 337, and records from Dr.

7

Rodney James Miles from November 2008. *Id.* at 356-61. Of importance here, these treatment notes document Plaintiff's symptoms, treatment plans, and diagnoses; however, these records contain no *opinions* regarding Plaintiff's functional limitations between August 20, 2004, and December 31, 2008. *See id.* at 304-37, 353-61, 366-76.

The ALJ discussed all these records, and *adopted* the physicians' diagnoses of Plaintiff's depression, anxiety, and migraine headaches. *Id.* at 14-16. However, because these treatment notes "did not contain [the physicians'] judgment about the nature and severity of [Plaintiff's] . . . limitations, or any information about what activities [she] could still perform[,]" they are not "true medical opinion[s]" and the ALJ had no obligation to assign them any weight. *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (citing 20 C.F.R. § 404.1527(a)(2)); *McDonald v. Astrue*, 492 F. App'x 875, 884 (10th Cir. 2012) (holding ALJ did not err in failing to assign weight to treatment notes that "reflect the clinicians' observations of [the claimant's] symptoms, the nature of her impairments, and the clinicians' diagnoses" but "do not indicate any prognoses, [or] provide opinions as to what [the claimant] could still do despite her impairments," because such treatment notes "do not qualify as medical opinions"); *Velasquez v. Colvin*, No. 14-CV-01690-RM, 2015 WL 7755966, at *11 (D. Colo. Dec. 1, 2015)

8

(unpublished order) ("Treatment notes – consisting of clinician's observations of Plaintiff's symptoms, the nature of his impairments, the clinicians' diagnoses and GAF scores that 'addressed in general terms the severity of Plaintiff's symptoms and functional difficulties' – do not qualify as medical opinions to which the ALJ is required to state the weight afforded." (citation and internal brackets omitted)). So, the undersigned recommends the court affirm the Commissioner's decision on this ground.

### D. The ALJ's alleged errors in assessing credibility.

Plaintiff further alleges the RFC assessment was flawed based on the ALJ's faulty credibility assessment. Doc. 15, at 8-10. Specifically, Plaintiff alleges the ALJ: (1) incorrectly found Plaintiff had not attempted to seek treatment during "most of the period at issue," and (2) failed to consider relevant factors. *Id.*

#### 1. Standard for evaluating credibility.

This Court reviews an ALJ's credibility determination with deference and generally treats this determination "as binding on review." *See Talley v. Sullivan,* 908 F.2d 585, 587 (10th Cir. 1990) (citation omitted). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when substantial evidence supports them. *Wilson,* 602 F.3d at 1144; *accord Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005).

Besides objective evidence, the ALJ may consider certain factors in evaluating a claimant's credibility, including the claimant's daily activities; the location, duration, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any treatment other than medications the individual receives or has received for pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996); *Keyes-Zachary*, 695 F.3d at 1167. However, "an ALJ is not required to address each factor in his decision." *Duncan v. Colvin*, 608 F. App'x 566, 578 (10th Cir. 2015).

### 2. The ALJ's credibility analysis.

The ALJ summarized the medical evidence and Plaintiff's testimony and found he did not "fully credit [her] subjective allegations." AR 20, 21. He concluded:

> With regard to the credibility of [Plaintiff's] allegations of disabling symptoms related to her impairments, the medical evidence of record fails to support her position related to her impairments. [Plaintiff] did not attempt to seek relief from any

>symptoms during most of the period at issue herein. She took no medication and obtained no counseling or psychiatric care, and underwent no psychiatric hospitalization. The record lacks evidence of symptoms during the relevant period, including any evidence about the extent, frequency, and duration of symptoms. In addition, her activities of daily living do not support [Plaintiff's] allegation of disabling symptoms at any time from August 20, 2004 through December[] 31, 2008, her date last insured.

*Id.* at 21-22.

Plaintiff first contends the ALJ's credibility analysis was flawed because he was "incorrect" when he stated she did not attempt to seek relief during most of the period at issue. Plaintiff alleges she "not only sought treatment but went to the ER, sought out specialists in neurology and psychology, but also took the medications they recommended without great relief." Doc. 15, at 8. Plaintiff offers no citations to the medical record to support her argument, *id.*, and the undersigned finds no grounds for reversal.

As noted above, Plaintiff alleges she became disabled on August 20, 2004, and her date last insured was December 31, 2008. The medical record reflects during that entire period, Plaintiff sought medical treatment *once*, on November 13, 2008. AR 337. The undersigned finds no error in the ALJ's conclusion Plaintiff "did not attempt to seek relief from any symptoms during most of the period at issue herein." *Id.* at 21.

Plaintiff further argues the ALJ failed to consider relevant factors in assessing her pain. Doc. 15, at 9. But the ALJ specifically discussed Plaintiff's daily activities, her medication usage, and her treatment (or lack thereof) for pain or symptoms. AR 20-22. An ALJ need not discuss every credibility factor, *see Duncan*, 608 F. App'x at 578, and Plaintiff does not cite to any specific factor she believes, if discussed more thoroughly, would have altered the credibility assessment. So, the undersigned recommends the court affirm the Commissioner's decision on this ground.

### E. The ALJ's alleged errors in assessing Plaintiff's RFC.

Challenging the RFC assessment, Plaintiff alleges the ALJ included no limitations due to her severe migraine headaches or anxiety, and argues the ALJ's finding she was limited to "SVP 2" work does not properly account for the missing mental limitations. Doc. 15, at 2, 8-15. Again, the undersigned finds no grounds for reversal.

#### 1. Standard for assessing an RFC.

"[O]nce a[n] . . . impairment is considered to be severe, it must be included in the residual functional capacity assessment[.]" *Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). However, the RFC need only include such limitations as the medical record substantially supports. *See Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (rejecting plaintiff's

claim a limitation should have been included in his RFC because "such a limitation has no support in the record").

### 2. The ALJ's alleged failure to include limitations in Plaintiff's RFC.

Plaintiff argues the ALJ found her migraines and anxiety to be severe but failed to consider the impairments' effect on her RFC. Plaintiff suggests her migraines and anxiety would "take her off task and distract other workers" and could cause her to "be behind in the pace of work . . . from stopping work[.]" Doc. 15, at 11. But beyond her testimony, and the physicians' diagnoses of migraines and anxiety, Plaintiff cites no evidence documenting any actual *functional limitations* that resulted from these severe impairments before her date last insured expired. *See id., passim.* Though her physicians prescribed medication to treat the migraines and anxiety, no physician ever opined they were disabling impairments, nor did any note Plaintiff's migraines or anxiety caused any mental or physical limitations. *See supra* § VI(C)(2). Likewise, the state agency physicians and psychologists found insufficient evidence of any physical or mental limitations. AR 338-352, 362-363.[4]

---

[4] The ALJ gave the state agency physicians' opinions great weight, and the state agency psychologists' opinions "some weight." AR 21. Related to the state agency psychologists' opinions, the ALJ concluded they had "reviewed [Plaintiff's] records" and found "insufficient evidence to assess [her]

Plaintiff relies instead on the ALJ's finding at Step Three that she had mild to moderate difficulties in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence or pace. Doc. 15, at 2-3, 12; *see also* AR 17-18. But "[t]he ALJ's finding of a moderate limitation . . . at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Vigil*, 805 F.3d at 1203. Here, the medical record supports no functional limitations, so the ALJ did not error in failing to include the Step Three findings in Plaintiff's RFC. *See Fulton v. Colvin*, __ F. App'x __, 2015 WL 6847808, at *6 (10th Cir. 2015) ("reject[ing] [plaintiff's] contention that the ALJ erred by not including in his RFC finding a moderate limitation in concentration, persistence, or pace" because while the ALJ found moderate limitations at Step Three, the medical record did not support "moderate limitations in these abilities for RFC purposes"); *Stura v. Colvin*, No. CIV-14-521-KEW, 2016 WL 1255733, at *4 (E.D. Okla. Mar. 30, 2016) (unpublished order) (finding no error in the ALJ's failure to include mental limitations in the RFC, despite finding plaintiff had moderate restrictions at Step Three, because the medical record supported no functional limitations).

---

with any mental impairment . . . . The undersigned gives their opinions some weight; however, giving [Plaintiff] the benefit of the doubt, the [ALJ] evaluated [Plaintiff's] impairments as 'severe' impairments." *Id.*

In sum, Plaintiff's medical record establishes no functional limitations due to her migraine headaches or anxiety, and the undersigned has already concluded Plaintiff failed to establish the ALJ erred in considering the medical record, assessing the physicians' opinions, or in his credibility assessment. So, the undersigned finds substantial evidence supports the RFC. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (holding where the medical record did not establish the alleged physical limitation "the ALJ did not err by failing to include [the] alleged limitation in his RFC assessment"); *McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) (affirming in part because "with regard to [her severe impairments], the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations" (citation and internal brackets omitted)).

### 3. The ALJ's reference to a SVP 2 work level.

The undersigned finds the ALJ did not err in failing to include his Step Three findings in Plaintiff's RFC. *See supra* § VI(E)(2). The court should conclude, contrary to Plaintiff's argument, Doc. 15, at 2, 7, 11, 14-15, that the ALJ's limiting Plaintiff to SVP 2 work properly accounted for any possible moderate mental limitations.

The ALJ limited Plaintiff to SVP 2 work to account for her anxiety. AR 19, 43. Such work is considered "unskilled" and generally requires only the ability to: (1) understand, remember, and carry out simple instructions; (2) make judgments commensurate with the functions of unskilled work, i.e., simple work-related decisions; (3) respond appropriately to supervision, co-workers and usual work situations; and (4) deal with changes in a routine work setting. *See Vigil*, 805 F.3d at 1204. The undersigned finds the ALJ's limiting Plaintiff to SVP 2 work properly accounted for her Step Three moderate limitations. *See id.* (holding SVP 1 or 2 work properly accounted for plaintiff's moderate limitations in concentration, persistence and pace); *Richards v. Colvin*, __ F. App'x __, 2016 WL 556745, at *3 (10th Cir. 2016) (noting moderate problems with social functioning and concentration, persistence, and pace can be "adequately account[ed] for" with "a limitation to 'unskilled work'").

**F.     The ALJ's alleged error in questioning the VE.**

Finally, Plaintiff alleges the ALJ failed to include the Step Three moderate limitations in the hypothetical question to the VE, and that his limitation to SVP 2 in the hypothetical question to the VE did not "clearly relate the[] moderate limitations . . . ." Doc. 15, at 12, 14-15. The undersigned disagrees.

### 1. The ALJ's duty to properly craft a hypothetical question to the VE.

An ALJ may properly rely on a VE's testimony if the hypothetical question adequately and precisely reflects the claimant's impairments and limitations, but the questions "need only reflect impairments and limitations . . . borne out by the evidentiary record." *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996); *see also Alarid v. Colvin*, 590 F. App'x 789, 799 (10th Cir. 2014) ("The ALJ's hypothetical question to the VE must accurately reflect the 'impairments and limitations that were borne out by the evidentiary record.'" (citation omitted)).

### 2. The ALJ's question to the VE.

In relevant part, the ALJ asked the VE to consider a claimant capable of light work and the ability to "perform no more than SVP: 2 work." AR 43. The undersigned finds the question proper. The medical record supports no functional limitations − mental or physical – and the ALJ did not err in assessing Plaintiff's RFC without including such limitations. *See supra* § VI(E)(2); *see also Richards*, 2016 WL 556745 at *6 (rejecting plaintiff's challenge to the hypothetical question to the VE because plaintiff "has not demonstrated any error in her RFC" and "[a] hypothetical question is sufficient if 'it contained all of the limitations found to exist by the ALJ'" (citation omitted)). Further, the ALJ properly included a SVP 2 work

limitation to account for possible moderate mental limitations. *See supra* § VI(E)(3). So, the ALJ was under no obligation to include specific mental limitations in his hypothetical question to the VE. *See Wendelin v. Astrue*, 366 F. App'x 899, 904 (10th Cir. 2010) (rejecting plaintiff's claim the ALJ erred in failing "to specify an inability to concentrate due to pain" in his hypothetical question to the VE where the VE testified plaintiff could perform work at SVP 2);[5] *see also Berumen v. Colvin*, No. 13-cv-02722-MJW, 2015 WL 1138488, at *9 (D. Colo. Mar. 11, 2015) (unpublished order) (rejecting plaintiff's allegation: "[t]he VE here was not told that the hypothetical person has deficits in [concentration, persistence, or pace]; the VE instead was only told that plaintiff can perform unskilled work (SVP 1–2)" because the SVP 2 properly accounted for plaintiff's limitation and RFC assessment).

---

[5] The Tenth Circuit recently recognized "that, in general, limiting a claimant to unskilled work will not sufficiently convey the degree of a claimant's mental impairments to a VE." *Evans v. Colvin*, __ F. App'x __, 2016 WL 362438, at *5 (10th Cir. 2016). However, the court noted some exceptions, "for example, . . . when an ALJ credits a medical-source opinion that a claimant's concentration deficit does not affect the ability to do unskilled work (similar to *Wendelin*)." *Id.* The undersigned finds Plaintiff's case falls into the exception. As discussed extensively above, the ALJ thoroughly reviewed the medical record, and that record contains no evidence suggesting Plaintiff's severe mental impairments would affect her ability to perform unskilled work.

## VII. Recommendation and notice of right to object

The undersigned recommends the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 5th day of May, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of April, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE