# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON GOURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-0880-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Plaintiff Sharon Gourley filed this action seeking judicial review of the final decision of defendant Acting Commissioner of the Social Security Administration ("Commissioner"), denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B),(b)(3) and Fed.R.Civ.P. 72(b), the case was referred to Magistrate Judge Suzanne Mitchell, who recommends that the Commissioner's decision be affirmed.

Plaintiff filed her application for disability benefits in May 2009, alleging she became disabled on August 20, 2004. After a second Administrative Law Judge ("ALJ") found that plaintiff was not disabled,[1] the Appeals Council denied plaintiff's request for review. The ALJ's decision then became the final decision of the Commissioner.

Plaintiff initially objects to the Report and Recommendation by "incorporat[ing] by reference herein, all of the arguments she made in her Brief in Chief. Doc. 15, 22." Doc.

---

[1]*The Appeals Council remanded the case after the first ALJ's decision because neither plaintiff nor her attorney appeared at the hearing held by the ALJ and she failed to provide them with the vocational expert's testimony before issuing her decision.*

#23, p. 1. That general statement, without more, is insufficient to preserve an issue for this court's consideration. *See* Collins v. Colvin, 2016 WL 66503, at *2 (10th Cir. Jan. 6, 2016) (quoting an identical statement, the appellate court stated it "disfavor[s] briefing by incorporation, and [that] such a broad statement is not sufficiently specific to preserve any arguments for review.") (citation omitted). She then proceeds to make multiple challenges to the magistrate judge's findings and conclusions.[2]

The court has considered *de novo* plaintiff's objections, but concludes none merit reversal. A lengthy discussion of plaintiff's objections is unnecessary, due to the magistrate judge's well-reasoned analysis. However, the court notes that plaintiff's objections principally fail because, as explained by the magistrate judge, plaintiff's medical records "contain no *opinions* regarding Plaintiff's functional limitations between August 20, 2004, and December 31, 2008." Doc. #22, p. 8.

Plaintiff has not shown that Magistrate Judge Mitchell erred in her analysis. Accordingly, the court **ADOPTS** the Report and Recommendation and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2]*Plaintiff's comment that the magistrate judge's "obtuse statement overlooks the obvious," Doc. #23, p. 2, is disrespectful and detracts from her argument. Counsel is cautioned against including such remarks in future briefs.*